# Donnelly's Estate.

*Wills—Issue devisavit vel non—Undue influence—Testamentary capacity.*

1. In determining whether an issue devisavit vel non should be allowed, the authoritative test is whether upon all the testimony a verdict against the proponents of the will should be allowed to stand. If such a verdict ought not to be allowed to stand, an issue ought not to be awarded.

2. An issue devisavit vel non will not be awarded where there is no evidence of the exercise of any undue influence by testator's eldest son, the chief beneficiary under the will, who occupied a relation to him that afforded an opportunity to influence his mind, or by anyone else, and the proof shows that the testator went alone to the office of an attorney who had represented him for many years, discussed with him the disposition he wished to make of his property, remained in the office until the will was written and read to him, and then executed it and directed it to be deposited with his executor, a trust company, where it remained until his death, nine months later, and the evidence as to testamentary capacity, though conflicting, is overwhelmingly in favor of the proponents of the will.

Argued Feb. 22, 1910. Appeal, No. 28, Jan. T., 1910, by Joseph Donnelly, from decree of O. C. Lackawanna Co., No. 25 of 1909, refusing an issue devisavit vel non in Estate of Patrick Donnelly, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Petition for an issue devisavit vel non. Before SANDO, P. J. The facts appear in the opinion of the Supreme Court.

*Error assigned* was decree refusing the issue.

*R. H. Holgate*, with him *A. A. Vosburg* and *W. A. Jennings*, for appellant.

*O'Brien & Kelly*, for appellee.

PER CURIAM, March 28, 1910:

In determining whether an issue devisavit vel non should be allowed, the authoritative test is whether upon all the testimony a verdict against the proponents of the will should be allowed to stand. If such a verdict ought not to be allowed to stand, an issue ought not to be awarded: Wainwright's App., 89 Pa. 220; Knauss's App., 114 Pa. 10. This test was applied by the learned judge of the orphans' court. who, after a most thorough consideration of all the testimony produced, decided that a court would not be justified in sustaining a verdict against the will. A review of the testimony has disclosed nothing that should lead to a reversal of the decree dismissing the petition for an issue.

The testator's oldest son, who was the chief beneficiary under the will, occupied a relation to him that afforded an opportunity to influence his mind. But there was no evidence of the exercise of any influence by this son or by anyone at any time to procure the making of the will. The circumstances connected with its preparation and execution show that no influence was exerted at that time, and they repel any inference that the testator was acting under an influence previously exerted. He went alone to the office of an attorney who had represented him for many years, and discussed with him the disposition he wished to make of his property. He remained in the office until the will was written and read to him, and then executed it and directed it to be deposited with a trust company, one of the executors, where it remained until his death nine months later.

1910.]                    Opinion of the Court.

The testimony as to testamentary capacity was conflicting. Against it was that of members of the testator's family from whom he had become estranged, and two physicians, one of whom had observed nothing abnormal about him except his apparent lack of interest when a member of his family was critically ill. The other testified as an expert in answer to a hypothetical question based on the testimony of a witness hostile to the will. Against this testimony was that of friends and neighbors who had lived in the vicinity of the testator's home for years, who saw him daily, and many of whom did business with him; and his family physician, who had seen him as he passed his place of business and had spoken to him almost every day for over thirty years. In connection with the fact that the will in question corresponded in its general plan with two prior wills, one made a year and a half and the other four years before, this testimony must be regarded as so overwhelmingly in favor of the proponents of the will that a verdict against them should not stand.

The decree is affirmed at the cost of the appellants.